IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARRY E. CRISWELL, III AND
LAURA B. CRISWELL,

    *Plaintiffs,*

v.	Case No.
	Hon.

CITY OF NAPLES, FLORIDA,

    *Defendant.*
_____/

## COMPLAINT WITH JURY DEMAND

Plaintiffs, HARRY E. CRISWELL, III AND LAURA B. CRISWELL (hereinafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, hereby sue Defendant the City of Naples, Florida and state as follows:

### GENERAL ALLEGATIONS

1. Plaintiffs are residents of the State of Maryland.

2. Plaintiffs own the property located at 3045 Fort Charles Drive, Naples Florida (the "Property").

3. Defendant City of Naples ("City") is a Florida municipal corporation subject to the jurisdiction of this Court.

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, as it arises under the Constitution and laws of the United States.

5. Venue is appropriate under 28 U.S.C. § 1391 as the Defendant resides within this judicial district and a substantial portion of the events giving rise to Plaintiffs' claims occurred within this judicial district.

6. All conditions precedent to suit have been met, waived or would be futile.

## FACTS

7. Plaintiffs' Vessel is in the water behind their house and moored to their pier.

8. The City claims Plaintiffs vessel ("Vessel") that allegedly encroaches into the side yard setbacks of the "Property."

9. The City alleges the encroachment is a violation of Naples Code of Ordinances §58.121(3) (the "Ordinance" from here).

10. The Ordinance provides that the side yard setback, which includes vessels moored to piers, is 20 feet from the side property lines and riparian lines, extended into the waterway.

11. However, the City only seeks enforcement of the Ordinance against the Criswells' Vessel.

**COUNT I – EQUAL PROTECTION CLASS OF ONE – DECLARATORY RELIEF**

12. Plaintiffs repeat and incorporate by reference above paragraphs 1-11 as if fully stated herein.

13. The City seeks to require the Criswells to permanently move the Vessel from their home.

14. Despite the presence of numerous other similarly situated vessels, the City does not seek enforcement of the Ordinance against any other City resident based upon one's vessel sitting in the setbacks.

Case 2:19-cv-00305-JES-M_M   Document 1   Filed 05/06/19   Page 3 of 6 PageID 3

15. Indeed, the City acknowledges it is only seeking enforcement against the Criswells and it is knowingly and intentionally taking enforcement action only against the Criswells despite the existence of numerous other vessels sitting in the side yard setbacks.

16. Thus, the Criswells are not being treated equally as other similar residents of the City.

17. The Criswells are being intentionally treated differently from others similarly situated as the City has substantial knowledge and evidence of other nearby vessels encroaching the side yard setbacks, the City is not taking any action.

18. Further, the institution of the City's enforcement action is based upon actual animus towards the Criswells as the person who initiated the enforcement action against the Criswells was acting based upon animus towards the Criswells.

19. There is no rational basis for the difference in treatment and the facially neutral ordinance is being applied to achieve a discriminatory purpose against the Criswells.

20. As comparators of those who have a vessel sitting in the side yard setbacks, but the City is not acting against, Plaintiffs identify:

   a. The property/owner of 1787 Galleon Drive, Naples, Florida;
   b. The property/owner of 1250 Spyglass Lane, Naples, Florida;
   c. The property/owner of 1330 Galleon Drive, Naples, Florida;
   d. The property/owner of 2727 Treasure Lane, Naples, Florida;
   e. The property/owner of 1375 Spyglass Lane, Naples, Florida;
   f. The property/owner of 3333 Gin Lane, Naples, Florida;
   g. Other properties/owners to be identified during the course of discovery.

21. The Fourteenth Amendment to the United States Constitution, provides that "[n]o

3

State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

22. The City's conduct violates the Criswells' right to equal protection of the laws; specifically, their right not to be treated arbitrarily or based upon animus by the City.

23. This case presents an actual case or controversy because there is an existing, ongoing, real, and substantial controversy between Plaintiffs and Defendant, who have adverse interests.

24. This controversy is sufficiently immediate, substantial and real to warrant the issuance of a declaratory judgment because Plaintiffs have been stripped of her constitutional right to equal protection of the laws.

25. This case is ripe for consideration because it presents issues suitable for an immediate and definitive determination of the legal rights of the parties in this adversarial proceeding, and Plaintiffs will be subjected to irreparable injury and significant hardship if this dispute is not heard.

26. Plaintiffs' claims are not speculative or hypothetical, but rather involve the validity of actions that were taken by the City that deny Plaintiffs equal protection and treat them in an arbitrary and animus-based manner without a rational basis.

27. The injury Plaintiffs have suffered is real, immediate, actual, concrete and particularized.

28. Plaintiffs seek permanent injunctive relief to protect their constitutional rights.

29. A favorable decision enjoining Defendant would redress and prevent the irreparable injuries to Plaintiffs identified herein.

30. The irreparable injuries Plaintiffs will suffer absent injunctive relief have no adequate remedy at law or in equity.

31. An injunction is the only way of adequately protecting Plaintiffs from harm because no legal or other equitable remedy could effectively cure or compensate for the invasion of Plaintiffs' constitutional rights.

32. The irreparable injuries Plaintiffs would suffer in the absence of injunctive relief include, but are not limited to:

a) The deprivation of Plaintiffs' constitutional rights, which unquestionably constitutes an irreparable injury;

b) The injury to Plaintiffs' name, good will, and reputation arising from the City's disparate treatment; and

c) The immediate loss of employment the workers of Plaintiff's company will be forced to endure in the absence of injunctive relief.

33. The balance of the hardships and the public interest also weigh in favor of Plaintiffs, who only seek to avoid the infringement on their constitutional rights, which in and of itself is a public interest.

34. The City, by contrast, has no legitimate interest in perpetuating its unconstitutional conduct.

35. Based on the foregoing, declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 is appropriate, and the standards for injunctive relief under Federal Rule of Civil Procedure 65 are met.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter a Final Judgment against Defendant, the City of Naples, conferring the following relief:

a. Permanently enjoining the City from undertaking any continued arbitrary actions against Plaintiffs;

b. Issuing a declaratory judgment declaring that the City's actions against Plaintiffs violate their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and

c. Awarding such other and further relief in law or equity as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 6th day of May 2019.

/s/ *Martin F. Klingenberg*
Martin F. Klingenberg, Esq.
1455 Blue Point Avenue
Naples, FL 34102
Tel.: 239-404-3546; Fax: 239-790-0957
martinatlaw@gmail.com
Florida Bar No. 0709751
*Lead counsel for Plaintiffs*

/s/ *David P. Fraser*
David P. Fraser, Esq.
Florida Bar No. 91085
Holmes Fraser
711 5th Avenue South, Suite 200
Naples, Florida 34102
(239) 228-7280
dfraser@holmesfraser.com
service@holmesfraser.com
Co-counsel for Plaintiffs