```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

HARRY E. CRISWELL, III and
LAURA B. CRISWELL,

     Plaintiffs,

v.                              Case No:  2:19-cv-305-FtM-29MRM

CITY OF NAPLES, Florida,

     Defendant.
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #33) filed on January 3, 2020. Plaintiff filed a Response (Doc. #34) on January 10, 2020.

**I.**

Plaintiffs own property on Fort Charles Drive in Naples, Florida. Defendant is the City of Naples (defendant or the City) and is sued for improper use of a City Ordinances in official action against plaintiffs. For the reasons set forth below, the motion is denied.

The Second Amended Complaint alleges the following: Plaintiffs sometimes leave their vessel in the water moored to the pier behind their house. The City asserts that the vessel encroaches into the side yard setbacks of the property, in violation of Naples Code of Ordinances § 58.121(3) (the Ordinance),

which provides that the side yard setback is 20 feet from the side property lines and riparian lines extended into the waterway. The City seeks to require plaintiffs to permanently move the vessel from the home to enforce the Ordinance.

Plaintiffs assert there are numerous instances throughout the City where other vessels sit in the side yard setbacks, and have identified 19 such properties in the Second Amended Complaint (Doc. #31). These 19 properties are alleged to be comparators "in all relevant respects" and identified as "prima facie identical" in all relevant respects, specifically whether a vessel is moored or docked in the side yard setbacks as extended into the waterway. Plaintiffs alleges that the City only seeks enforcement of the Ordinance against their vessel without weighing subjective criteria, including the size of the vessel, the unique orientation and contours of the property line and riparian lines, whether the vessel was moored or supported by a boatlift, and the construction date of the pier or boatlift.

Plaintiffs assert that enforcement of the Ordinance against them violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 because there are numerous other similarly situated vessels against which the City does not seek to enforce the Ordinance. Plaintiffs allege that they are intentionally not being treated equally as other similar residents of the City. Additionally, Plaintiffs allege

that the enforcement is based on an actual irrational animus towards plaintiffs. Plaintiffs allege that there can be no rational basis for this different treatment based on a facially neutral ordinance. Plaintiffs argue an ongoing controversy exists, and seek declaratory and injunctive relief.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v.

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota Cty., Neb., 260 U.S. 441, 445 (1923) (quoting Sunday Lake Iron Co. v. Wakefield Tp., 247 U.S. 350, 352 (1918)).

Plaintiffs allege that the City is violating their equal protection rights under the Fourteenth Amendment by enforcing the Ordinance through official decision-making channels in an unequal manner. Plaintiffs also allege a violation of equal protection pursuant to 42 U.S.C. § 1983. Under Section 1983, "[e]very person who, under color of any statute, ordinance" of a State "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

Municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978). A municipality cannot be held liable "*solely* because it employs a tortfeasor". Id. at 691 (emphasis in original). "Instead, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing City of Canton v.

Harris, 489 U.S. 378, 388 (1989)). Beginning with the language of Section 1983 itself, a person may sue for a deprivation of rights based on a statute or ordinance or custom. A single act is enough to establish an unconstitutional policy if (1) the municipality itself is responsible, i.e. it is "officially sanctioned or ordered"; (2) by a "final policymaking authority"; (2) with authority under state law; and (4) the challenged action was taken pursuant to the official policy. Davis v. City of Apopka, 424 F. Supp. 3d 1161, 1173 (M.D. Fla. 2019) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988)).

Defendant argues that plaintiffs have not alleged a municipal policy or custom that has been violated. Plaintiffs respond that they "are not alleging vicarious liability or liability stemming from the employee-employer relationship. Rather, they are alleging a direct cause of action against the Defendant through final decision makers, i.e. code enforcement officers [ ]." (Doc. #34, p. 12.) Plaintiffs allege that they were injured by a deliberate discriminatory decision attributable to the City itself and not an agent or employee on behalf of the City. "These are official City actions and not those of the City's agents or employees." (Doc. #31, ¶ 6.) Plaintiffs have plausibly set forth an equal protection claim against the City.

Defendant also argues that plaintiffs have failed to adequately state a claim by failing to identify comparators that

6

are similarly situated in all relevant respects, and have failed to show a lack of a rational basis to enforce the Ordinance. The Court disagrees.

Courts recognize an equal protection claim brought by a "class of one", "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). See also Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1263 (11th Cir. 2010). "Class of one equal protection claims generally require plaintiffs to identify comparators in the pleading in order to show intentional, discriminatory treatment different from others similarly situated." Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1340 (S.D. Fla. 2014). "To prevail on this traditional type of equal protection claim, basically a selective enforcement claim, that the City's Ordinance was applied to them, and not other developments, Plaintiffs must show (1) that they were treated differently from other similarly situated individuals, and (2) that Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiffs." Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006) (citing Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996)).

7

Under the relevant ordinance,

> The side yard setback for all piers, including floating piers, pilings, vessels moored to piers, boat lifts, and vessels supported on boat lifts, constructed after September 15, 1999, the effective date of Ordinance No. 99-8638, is 20 feet from the side property lines and riparian lines, extended into the waterway. The setback shall be measured at a right angle to the extended property line.

Naples Code of Ordinances § 58.121(3). Defendant argues that the ordinance also requires discretionary consideration of various factors, including the size of the relevant vessel, the unique orientation and contours of the relevant property line and riparian line, whether a vessel is moored to a pier or supported on a boatlift, whether it was constructed after September 15, 1999, whether any variance or deviation was granted to a property owner. The size of the vessel is not a listed factor in the ordinance.

Plaintiffs have specifically identified 19 properties as comparators in the Second Amended Complaint, asserting they were "prima facie identical" in all relevant respects. While Plaintiffs did not detail all the ways they are identical, at this stage of the proceedings, the allegation of 19 comparators is plausible and therefore sufficient to state a claim.

With regard to the rational basis to enforce the ordinance, plaintiffs allege as follows:

> 29. The City continues to harbor an irrational animus towards the Criswells as made evident by the fact that it seeks only to remove the

8

>   Criswells' Vessel despite the existence of many other purportedly violative vessels.
>
>   30. There can be no rational basis for the difference in treatment and the facially neutral ordinance is being applied to achieve a discriminatory purpose against the Criswells.
>
>   31. There can be no rational basis for enforcing the Ordinance against only the Criswells' Vessel but not enforcing it against many others.

(Doc. #31, p. 5.) This is sufficient to plausibly show an allegedly unequal application of a facially neutral ordinance for the purpose of discriminating against Plaintiffs.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of May, 2020.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record