UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARRY E. CRISWELL, III and
LAURA B. CRISWELL,

        Plaintiffs,

v.                          Case No.: 2:19-cv-00305-JES-MRM

CITY OF NAPLES, FLORIDA,

        Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on cross Motions for Summary Judgment (Docs. ##57, 62) filed by the parties. Responses (Docs. ##64, 73) and Replies (Docs. ##74, 77) were filed. The Court heard oral arguments at the April 20, 2021 final pretrial conference. (Doc. #82.) For the reasons set forth below, both motions are denied.

**I.**

    Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "An issue of fact is 'genuine' if the record taken as

a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts.")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces

a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

Cross motions for summary judgment do not change the standard. See Am. Bankers Ins. Grp. v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005). Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another. See Am. Bankers Ins. Grp, 408 F.3d at 1331. Even where the parties file cross motions pursuant to Rule 56, summary judgment is inappropriate if disputes remain as to material facts. United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984).

## II.

Plaintiffs Harry E. Criswell, III and Laura B. Criswell (Plaintiffs or the Criswells) own waterfront residential property (the Property) on Fort Charles Drive in the Port Royal neighborhood of Naples, Florida. (Doc. #31, ¶ 1.) The Criswells built a pier at the Property in January 2013. (Doc. #57-4, p. 69; Doc. #62-1, p. 3.) Beginning in 2014, the Criswells have intermittently moored a 108-foot long yacht named *Diablo Blanco* (the Vessel) to the pier at the Property for a portion of each year. (Id. at ¶ 7; Doc. #57-3, ¶ 1.)

The City of Naples (the City) has a City Code which includes Section 58-121(3) (the Ordinance), the pertinent portion of which provides:

> The side yard setback for all piers, including floating piers, pilings, vessels moored to piers, boat lifts, and vessels supported on boat lifts, constructed after September 15, 1999, the effective date of Ordinance No. 99-8638, is 20 feet from the side property lines and riparian lines, extended into the waterway. The setback shall be measured at a right angle to the extended property line.

Naples Code of Ordinances § 58.121(3). Enforcement of this Ordinance is dependent upon the receipt of a complaint - the City does not typically investigate or issue citations unless a complaint has been received. (Doc. #57-4, p. 47.)

The Port Royal Association complained to the City that Plaintiffs' Vessel was oversized and encroached into the navigable water setbacks adjoining neighboring properties. (Id., pp. 45-46.) Based on the complaint, on February 5, 2016, a City code enforcement officer inspected the Property and determined that the Vessel encroached on the prescribed setbacks by about 18.5 feet.[1] (Doc. #62-1, p. 2.) On the same date a Notice of Violation was mailed to the Criswells by the City of Naples Code Enforcement advising them that mooring the Vessel at the Property violated Section 58-121(3). (Doc. #62-3.)

After receiving the citation, Plaintiffs filed a Variance Petition with the City. (Doc. #62-1, p. 2.) Two of the Criswells'

---

[1] The record also refers to this distance as 19.5 feet. (Doc. #62-1, p. 2.) The difference is not material for summary judgment purposes.

neighbors, along with the Port Royal Association, objected to the Variance Petition and requested that the Ordinance be enforced. (Docs. #62-5; #62-6.) The request for variance was denied after a public hearing held on March 8, 2017. (Doc. #62-1, p. 3.)

In June 2017, Plaintiffs filed a lawsuit against the City in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, seeking a declaratory judgment that the Ordinance was unconstitutional under Florida law. (Docs. ##57, ¶ 9; 57-2; Docs. ##62-4, ¶ 27; 62-10, p. 2.)[2] The City filed a Counterclaim seeking a permanent injunction precluding the Criswells from docking the Vessel at the Property. (Doc. #57-6, pp. 7-8.) The City suspended enforcement of the Ordinance while the state litigation challenging the Ordinance was pending. (Doc. #57-4, pp. 36-37.)

On May 6, 2019, the Criswells filed this federal action against the City. (Doc. #1.) The Second Amended Complaint (Doc.

---

[2] Both parties rely upon records from this state court proceeding. The court takes judicial notice of the documents that have been publicly filed in the Plaintiffs' state court action. See (Doc. #57-2); Zurich Am. Ins. Co. v. Southern-Owners Ins. Co., 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018) (quoting Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010)) ("Notably, courts may take judicial notice of documents arising from a prior proceeding because they are matters of public record and 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'").

#31) asserts a class-of-one Equal Protection Claim under Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. (Doc. #31, ¶ 20.) Specifically, the Criswells allege that (1) there are numerous other similarly situated vessels against which the City does not seek to enforce the Ordinance; (2) the enforcement of the Ordinance is based on an actual irrational animus towards Plaintiffs; (3) there can be no rational basis for the difference in treatment given the facially neutral Ordinance; and (4) Plaintiffs' injury results from the deliberate discriminatory decision attributable to the City. (Id. at ¶¶ 6, 20, 22-23, 29-30.) Plaintiffs seek declaratory and injunctive relief, but do not seek monetary damages. (Id. at ¶¶ 35, 39.)

On July 30, 2019, the state court granted summary judgment against the Criswells on their claims, upholding the Ordinance. After a bench trial, the state court denied the City's Counterclaim for a permanent injunction. (Doc. #31, Exhibit A.) Both state court decisions were upheld on appeal.

**III.**

The Court has previously summarized the general Equal Protection Clause principles applicable to this case:

> The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides that "[n]o State shall make or enforce any law which shall...deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The purpose of the equal protection clause of the

> Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota Cty., Neb., 260 U.S. 441, 445 (1923) (quoting Sunday Lake Iron Co. v. Wakefield Tp., 247 U.S. 350, 352 (1918)).
>
> . . .
>
> Courts recognize an equal protection claim brought by a "class of one", "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). See also Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1202 (11th Cir. 2007); Grider v. City of Auburn, Ala., 618 F.3d 1240, 1263 (11th Cir. 2010). "Class of one equal protection claims generally require plaintiffs to identify comparators in the pleading in order to show intentional, discriminatory treatment different from others similarly situated." Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1340 (S.D. Fla. 2014). "To prevail on this traditional type of equal protection claim, basically a selective enforcement claim, that the City's Ordinance was applied to them, and not other developments, Plaintiffs must show (1) that they were treated differently from other similarly situated individuals, and (2) that Defendant unequally applied a facially neutral ordinance for the purpose of discriminating against Plaintiffs." Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006) (citing Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996)).

(Doc. #35, pp. 4, 7); Criswell v. City of Naples, 2020 WL 2745818, at *3 (M.D. Fla. May 27, 2020).

7

Thus, to prevail on a "class of one" equal protection claim, the Criswells must show they were intentionally treated differently from others who were "similarly situated" and that there is no rational basis for the difference in treatment. To be "similarly situated," the comparators must be "'prima facie identical in all relevant respects.'" Grider v. City of Auburn, 618 F.3d 1240, 1263-64 (11th Cir. 2010) (quotation and emphasis omitted).

> Governmental decisionmaking challenged under a "class of one" equal protection theory must be evaluated in light of the full variety of factors that an objectively reasonable governmental decisionmaker would have found relevant in making the challenged decision.

Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1203-04 (11th Cir. 2007). "[D]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006).

**IV.**

It is undisputed that when the Criswells moor the Vessel at the pier at the Property they do so in violation of the Ordinance. After all, they are trying to moor a 108-foot boat in an 88.5-foot parking space. See (Doc. #62-1, p. 2.) The Criswells' federal suit attempts to remedy their dilemma by precluding the City from enforcing the Ordinance as to them. Both parties now seek summary judgment as to the Criswells' Equal Protection claim.

8

**A. The City's Motion for Summary Judgment**

The City asserts that it is entitled to summary judgment for two reasons: the Criswells have (1) failed to establish essential elements of their Equal Protection claim, specifically (a) the existence of any comparator that is similarly situated in all relevant respects and (b) lack of a rational basis for the City to enforce its valid and neutral setback ordinance, and (2) failed to present any evidence establishing a municipal policy or custom that would provide a basis for § 1983 liability. (Doc. #62, pp. 10-22.) The Criswells respond that they have done both.

**(1) Evidence of Equal Protection Elements**

**(a) Similarly Situated Comparators**

As discussed above, the Criswells must show that there were in fact comparators who were similarly situated, i.e., comparators who were "*prima facie* identical in all relevant respects." Grider, 618 F.3d at 1264. The Court must evaluate "the full variety of factors that an objectively reasonable governmental decisionmaker would have found relevant." Griffin Indus., 496 F.3d at 1203–04.

The parties argue over which factors are relevant for purposes of identifying the comparators. (Doc. #62, pp. 12-13; Doc. #73, pp. 5-6.) The City argues that an objectively reasonable code-enforcement officer would find nine factors to be relevant.[3] (Doc.

---

[3] The City identifies the following as relevant factors: (1) the unique dimensions of the vessel; (2) the unique dimensions of

#62, pp. 12-13.) The Criswells contend that the only relevant factor is the presence of a boat sitting in a side yard setback. (Doc. #73, pp. 5, 9-10.)  Neither party is correct.

The relevant factors to be considered are determined by the nature of the action being challenged.  Here, the challenged action is enforcement of the Ordinance, which provides:

> The side yard setback for all piers, including floating piers, pilings, vessels moored to piers, boat lifts, and vessels supported on boat lifts, constructed after September 15, 1999, the effective date of Ordinance No. 99-8638, is 20 feet from the side property lines and riparian lines, extended into the waterway. The setback shall be measured at a right angle to the extended property line.

Naples Code of Ordinances § 58.121(3).  Given the context of this case, the Court concludes that a reasonable Code enforcement official would consider the following factors to be relevant: (1) the presence of a vessel moored to a pier; (2) which pier had been constructed after September 15, 1999; (3) which vessel extended

---

the property lines at issue; (3) the degree or extent the vessel encroaches the prescribed setback; (4) whether the encroachment is unavoidable due to the overall length of the vessel in relation to the property or whether instead the encroachment is merely the result of mooring the vessel too far to one side of the property; (5) the duration and frequency of the encroachment; (6) whether the vessel is attached to a pier or boatlift that was constructed on or before September 15, 1999; (7) whether a variance was granted to the property owner, and if so, why; (8) whether the City ever received complaints about the supported encroachment; and (9) whether a citation is the appropriate response.  (Doc. #62, pp. 12-13.)

beyond the 20-foot side yard setback; (4) with the setback measured in the manner described in the Ordinance; and (5) for which no variance had been granted.

Neither side has attempted to apply the proper relevant factors to the record, and it is not apparent from the record that either side is entitled to summary judgment on this issue. Viewing all facts and reasonable inferences in the light most favorable to the opposing parties, the Court finds there is a genuine dispute as to the existence of similarly situated comparators. Accordingly, this portion of the motion for summary judgment is denied.

**(b) Rational Basis**

A class of one equal protection claim not only requires Plaintiffs to show intentional disparate treatment, but also "the absence of any rational basis supporting that treatment." Maverick Enters., LLC v. Frings, 456 F. App'x 870, 872 (11th Cir. 2012). "Under Olech, a 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: (1) negate every conceivable basis which might support the government action; or (2) demonstrate that the challenged government action was motivated by animus or ill-will." Dibbs v. Hillsborough Cty., Fla., 67 F. Supp. 3d 1340, 1349 (M.D. Fla. 2014) (internal alteration and quotations omitted); see Olech, 528 U.S. at 565-66.

11

The City argues that it is entitled to summary judgment because the Criswells have not shown that the City lacks a rational basis to enforce the Ordinance. (Doc. #62, pp. 15-18.) The City contends that the Ordinance has a legitimate purpose of protecting people's "right to an unobstructed view of the water," and that the complaint-driven process in code-enforcement is appropriate. (Id., p. 16.) Thus, the City argues the Criswells have not demonstrated that the City has no conceivable rational basis for enforcing its ordinance against them. (Id., p. 17.)

The City also contends that Plaintiffs have not presented any evidence suggesting that the City has taken any action for the purpose of discriminating against them based on animus or ill will. (Id.) Instead, the City maintains that the undisputed evidence shows Plaintiffs engaged in an ongoing ordinance violation, that neighbors complained about the violation to the City, and the City's code enforcers acted reasonably by investigating the complaint and citing the violation. (Doc. #62, pp. 16-17.)

Plaintiffs, on the other hand, allege that "[t]he City continues to harbor an irrational animus towards [them] as made evident by the fact that it seeks only to remove [their] vessel despite the existence of many other purportedly violative vessels." (Doc. #31, ¶ 29.) Plaintiffs believe there can be no rational basis for the manner in which the facially neutral

Ordinance is being applied in a discriminatory fashion against them. (Id. at ¶ 30.)

There are issues of material disputed facts which prevent resolution of whether there has been unequal application of the facially neutral Ordinance or whether the enforcement was motivated by animus or ill-will. The evidence before the Court does not establish, one way or another, if there were other vessels moored in violation of the Ordinance that the City has not sought to penalize despite knowing about the purported violation. Neither party is entitled to summary judgment on Plaintiffs' class of one Equal Protection claim under the Fourteenth Amendment.

### (2) 42 U.S.C. § 1983 Liability

The City argues that even if the Criswells presented evidence supporting their equal protection claim, they have not produced any evidence that such discrimination is attributable to the City under 42 U.S.C. § 1983. (Doc. #62, pp. 18-22.) Specifically, the City contends that the Criswells have failed to present evidence that the City intentionally discriminated against them pursuant to a municipal policy or custom. (Doc. #62, pp. 19-20.)

Plaintiffs respond that they are not attempting to hold the City responsible for an employee's misconduct. (Doc. #73, p. 11.) Rather, plaintiff asserts that "[t]hese are official City actions and not those of the City's agents or employees" (Doc. #31, ¶ 6; Doc. #73, pp. 11-12.) Plaintiffs emphasize that the actions were

officially taken by the City, since it was the City who enforced the Ordinance, sought injunctive relief in state court, defended this action in federal court, and attended a mediation as a government entity. (Doc. #73, p. 12.)

A municipality can be liable under § 1983 only when "the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989). A municipality "causes" a violation where (1) it acts via "an official policy enacted by its legislative body (e.g., an ordinance or resolution passed by a city council)"; (2) "final policymakers have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure"; or (3) "on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." Id. Municipalities "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978).

The Court finds that Plaintiffs are correct on this issue. Plaintiffs have established that it is the City which has taken direct action against them by enforcing the Ordinance. If

plaintiffs can establish an equal protection violation, liability for that violation will be imputed to the City under § 1983. Defendant's motion for summary judgment on this basis is therefore denied.

**B. Plaintiffs' Motion for Summary Judgment**

The Criswells seek a partial summary judgment finding that there are numerous other vessels similarly situated to their Vessel against which the City has not taken any action. (Doc. #57, pp. 3-7.) Such a finding would be contrary to what the Court has found, as discussed above. Plaintiffs, however, rely upon the July 30, 2019 Final Judgment from the Florida state court proceedings between Plaintiffs and the City (Doc. #57-3), asserting that the City is precluded from disputing the state court's findings regarding the existence of similarly situated vessels. (Docs. ##57; 57-2; 57-3.)

The crux of Plaintiffs' motion relates to the application of collateral estoppel (also known as issue preclusion), "which serves as a bar to relitigation of an issue which has already been determined by a valid judgment." Goines v. Lee Mem'l Health Sys., No. 2:17-cv-656-FtM-29NPM, 2020 U.S. Dist. LEXIS 54880, at *5 (M.D. Fla. Mar. 30, 2020)(quoting Stogniew v. McQueen, 656 So. 2d 917, 919 (Fla. 1995)); see Edgewater House Condo. Ass'n v. City of Fort Lauderdale, 825 F. App'x 658, 662 (11th Cir. 2020). "Issue preclusion may be asserted offensively by a plaintiff or

defensively by a defendant, in either case for the purpose of preventing the other party from re-litigating an identical issue previously decided against the other party." Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 931 F.3d 1112, 1126 (11th Cir. 2019) (citation omitted).

Where the prior judgment was issued in state court, "then the collateral estoppel law of that state must be applied to determine the judgment's preclusive effect." Goines, 2020 U.S. Dist. LEXIS 54880, at *5 (quoting In re St. Laurent, 991 F.2d 672, 675-76 (11th Cir. 1993)); see Martinez v. Mkt. Traders Inst., Inc., 757 F. App'x 815, 817 (11th Cir. 2018)(finding that where a judgment was issued in Florida state court, Florida law applied to determine issue preclusion). Here, the Criswells and the City agree that the prior judgment was rendered in Florida state court. (Doc. #64, p. 7; Doc. #57, ¶ 9.) Therefore, Florida law applies in determining the preclusive effect of the state court judgment.

Under Florida law, collateral estoppel applies where "(1) the identical issues were presented in a prior proceeding; (2) there was a full and fair opportunity to litigate the issues in the prior proceeding; (3) the issues in the prior litigation were a critical and necessary part of the prior determination; (4) the parties in the two proceedings were identical; and (5) the issues were actually litigated in the prior proceeding." Martinez, 757 F.App'x at 817 (quoting Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d

DCA 2017); see also Newberry Square Fla. Laundromat, LLC v. Jim's Coin Laundry & Dry Cleaners, Inc., 296 So. 3d 584, 591 (Fla. 1st DCA 2020); Crowley Mar. Corp., 931 F.3d at 1126.

In the state-court Counterclaim, the City sought a permanent injunction to prevent plaintiffs from docking their Vessel in the setbacks, contrary to the Ordinance. (Doc. #57, pp. 4-5; Doc. #57-6, pp. 7-8.) In defending against a permanent injunction, Plaintiffs raised the issue of the existence of other vessels encroaching on the setbacks to prove the City would not suffer irreparable injury without an injunction. (Doc. #57, p. 5; Doc. #57-7, pp. 1-2.)

The state court considered whether Defendant was entitled to injunctive relief to "prevent oversized vessels from being moored at the dock of Plaintiffs' residence within the City of Naples." (Doc. #57-3, p. 1.) The state-court Final Judgment found that "[i]t is undisputed that the Plaintiffs' yacht encroaches into the setbacks." (Doc. #57-3, p. 2, ¶ 4.) The City had initiated code enforcement proceedings against Plaintiffs, which were then pending, and the City argued that the enforcement proceedings may be insufficient, thus requiring a permanent injunction. (Id.) The state judge found, among other things, "that there are numerous other vessels similarly situated to the Plaintiffs' case but the City has not taken any action against those other similarly situated vessels." (Id., p. 2, ¶ 3.) The state judge questioned

17

whether an injunction was even an available remedy. (Id., pp. 2-3, ¶ 5.) The state judge then found that "[t]he City did not present any evidence of irreparable harm. . . . The Court declines to find that any code violation results in the necessity of the issuance of an injunction." (Id., p. 3, ¶ 6.)

The City argues the state court's finding focused only on the issue of whether the City was suffering irreparable injury, in contrast to whether there were any comparators who were "identical in all relevant aspects" within the meaning of the requirements for an Equal Protection claim. Although issue preclusion may occur even where the two actions do not involve the "same claims," it is inapplicable where the issue before the state court was not identical to the issue in Plaintiffs' federal case. BC Power, Inc. v. Stuart C. Irby Co., No. 2:19-cv-803-FtM-29NPM, 2020 U.S. Dist. LEXIS 55967, at *23 (M.D. Fla. Mar. 31, 2020); see Hargis v. City of Orlando, 586 F. App'x 493, 498 (11th Cir. 2014); see also Edgewater House Condo. Ass'n, 825 F. App'x at 664 (stating that "collateral estoppel applies whenever two actions share a legal issue. A shared cause of action is not required.").

Whether the City would suffer irreparable injury if not granted injunctive relief is a distinct issue from whether there are similarly situated vessels (comparators) that are "identical in all relevant aspects" sufficient to show Defendant intentionally discriminated against Plaintiffs. Maverick Enters.,

456 F. App'x at 872. Plaintiffs therefore have not shown the issues in the state and federal actions are identical.

Because the identical issue was not presented in the state and federal actions, it necessarily follows that there could not be full and fair litigation of the issue in state court, nor could the issue be a critical and necessary part of, or actually litigated in the prior proceeding. Plaintiffs have not demonstrated that all of the elements of collateral estoppel are satisfied.

In addition, Plaintiffs assert in their motion that there is no factual dispute that their Vessel is the only one in which the City has sought enforcement against, because the City has failed to put forth evidence showing otherwise. (Doc. #57, p. 7.) Therefore, Plaintiffs argue they are entitled to judgment finding that the City has not taken any action against similarly situated vessels. (Id.) Contrary to Plaintiffs assertion, Defendant argues the undisputed evidence shows the City enforced the Ordinance in the "Treasure Lane" case, where a complaint was made about a violation of the Ordinance, the complaint was investigated, and a citation was issued. (Doc. #57-1; Doc. #57-5, p. 9, ¶ 3, p. 12, ¶ 14; Doc. #62-9.) While the Treasure Lane case ultimately settled, Defendant contends that the settlement would have never occurred unless there was enforcement of the Ordinance.

Drawing all reasonable inferences in favor of defendant, there is at the very least a dispute as to whether the City has enforced the Ordinance against similarly situated vessels that precludes granting Plaintiffs' partial motion for summary judgment. Accordingly, Plaintiffs' motion is denied. Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (Doc. #57) is **DENIED.**

2. Defendant's Motion for Summary Judgment (Doc. #62) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of May, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

20